**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Rebecca F. Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 6-01-4328-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| Jo Anne B. Barnhart, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 24, 2005, pursuant to 42 U.S.C. 406(b), the plaintiff filed a motion seeking attorney's fees in the amount of $18,102.00. On February 24, 2005, the defendant filed a memorandum in opposition to the plaintiff's motion for attorney's fees. On March 4, 2005, the plaintiff responded to the defendant's motion. This matter is now before the Court for disposition.

The plaintiff filed an application for social security benefits on February 19, 1998, alleging a disability which began on March 31, 1997. On June 10, 1998 and upon reconsideration on April 9, 1999, the Secretary denied the plaintiff's application for benefits. The plaintiff filed a request for a hearing, and on August 20, 1999, an Administrative Law Judge heard the plaintiff's claim. On October 21, 1999, the Administrative Law Judge issued a decision denying the plaintiff's claim for disability benefits. On September 21, 2001, the Appeals Council upheld the Administrative Law Judge's decision.

On November 8, 2001, under 42 U.S.C. 405(g), the plaintiff filed a complaint in this Court attacking the administrative decision denying the plaintiff disability benefits. The defendant subsequently filed a motion for remand to the Administrative Court. On October 15,

2002, the Court remanded the case to the defendant for further proceedings. On January 14, 2003, the plaintiff filed a motion seeking attorney's fees in the amount of $2,518.02 and $17.00 in costs under the Equal Access to Justice Act. The defendant did not object to the plaintiff's request, and on December 23, 2003, the Court granted the plaintiff's request.

On March 10, 2003, an Administrative Law Judge issued a decision granting the plaintiff past due benefits. On August 30, 2004, the defendant mailed a letter notifying the plaintiff's attorney that it had withheld $4,000.00 for services counsel rendered before the defendant and after payment of the $4,000.00, $18,102.00 would continue to be withheld for additional attorney's fees. The plaintiff agreed to compensate her attorney for twenty-five percent of past due benefits awarded or at the most $4,000.00, for services counsel rendered before the defendant.

The defendant contends that the plaintiff has filed the petition for authorization of attorney's fees beyond the time prescribed by the Court's local Rules. Local Rule 83.VII.07(A) requires a petition for attorney's fees paid out of past due benefits to be filed within 60 days after the expiration date of filing a notice of appeal or petition for writ of certiorari or affirmance of the judgment on appeal. This rule, however, applies when the Court orders the defendant to pay benefits to the plaintiff. See Smith v. Bowen, 815 F.2d 1152, 1155 (7th Cir. 1987).

Section 406(b) does not allow an award of attorney's fees to exceed twenty-five percent of past due benefits. On remand, the defendant determines if the plaintiff is entitled to disability benefits. If the defendant decides that the plaintiff is entitled to benefits, neither the Court nor the plaintiff can determine the appropriate award of attorney's fees until the amount of past due benefits are known. The Court remanded the case to the defendant on October 15, 2002. The

defendant did not determine that the plaintiff was entitled to disability benefits until March 10, 2003 and did not calculate the amount of past due benefits owed to the plaintiff until September 2, 2003.  The plaintiff contends that the defendant did not mail a notification of the amount of benefits withheld for attorney's fees until August 30, 2004, which Local Rule 83.VII.07(B) requires to be attached to a petition for attorney's fees.  The plaintiff also claims that he has never received a notice of award, which reveals the amount of past due benefits owed to the plaintiff.  To prepare the petition for attorney's fees, the plaintiff's attorney had to estimate the amount of past due benefits by using the amount of benefits withheld for attorney's fees.

  The record reveals that the plaintiff had the pertinent information on hand to petition the Court for attorney's fees on September 3, 2004.  The plaintiff did not file the petition for attorney's fees until January 24, 2005, more than 120 days later.  The plaintiff contends, however, that the defendant is responsible for his delay in filing the petition for fees by failing to send the plaintiff information concerning his past due benefits award.  It would be unjust to allow the defendant's action to bar the plaintiff's attorney's claim for fees.  Congress allowed attorney's fees in these cases to help claimants find representation.  Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967).   The plaintiff's petition for fees, therefore, is not barred under Local Rule 83.VII.07(A).

  The defendant also contends that the attorney's fees the plaintiff seeks are unreasonable.  The plaintiff's attorney seeks $18,102.00 in fees.  The defendant contends that the plaintiff's attorney will receive a windfall if the Court authorizes the defendant to remit the fees to the plaintiff's attorney, but does not indicate why a windfall would result.  Attached with the plaintiff's petition, was the plaintiff's contingent fee agreement in which the plaintiff agreed to

pay her attorney twenty-five percent of past due benefits resulting from her claim.

If a Court renders a favorable decision to a claimant under the Social Security Act, then "the Court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess 25 percent of the total past due benefits[] the claimant is entitled by reason of such judgment . . ." 42 U.S.C. § 406(b)(1)(A).  A Court may not include in the calculation of an award of attorney's fees work done before the Secretary.  Morris v. Social Security Administration, 689 F.2d 495, 497 (4th Cir. 1982).  While the Court may not consider services performed before the Secretary, the Court must take into account fees fixed by the Secretary in calculating the maximum attorney fee allowed under section 406(b).  Id.  An attorney is allowed fees for services performed before the Court, even when the Court does nothing more than remand the case.  Id.  The Court must take into account an attorney's risk of receiving nothing for services rendered in contingent fee situations.  "[C]harges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is uncertain."  McKittrick v. Gardner, 378 F.2d 872, 875 (4th Cir. 1967).

In the past, the Court employed the lodestar method to determine if a requested fee in a social security case was reasonable.  See Local Rule 83.VII.07(B)(requires a petition for attorney's fees to comply with the requirements in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).  The lodestar method requires a Court to analyze factors in order to determine reasonable hourly rates and reasonable hours.  See Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986).  The Supreme Court, however, has held that because Congress enacted 406(b) to control and not displace fee agreements between a client and counsel, the lodestar method is an inappropriate device to use to determine if a fee is reasonable under section 406(b).  Gisbrecht v.

Barnhart, 535 U.S. 789, 793 (2002).  Section 406(b) requires a Court to review the fee agreements to ensure that the agreements yield reasonable results.  Id. at 807.  The only boundary line Congress set was that fees may not be in excess of twenty-five percent of past due benefits, and within this boundary, the plaintiff has the burden of establishing that the fees sought are reasonable for the services rendered.  Id. at 808 n. 17.

The Supreme Court in Gisbrecht set forth the following factors it believed courts should consider when determining if a fee agreement is reasonable: (1) "character of representation and the results the representation achieved[;]" (2) "if the attorney is responsible for a delay," Courts should reduce the attorney's award to "prevent the attorney from profiting in the accumulation of benefits during the pendency of the action[;]" (3)  the benefits compared to the amount of time counsel spent on the case, to avoid a windfall for counsel; (4) "the hours counsel spent representing the claimant and counsel's normal hourly billing charge for non-contingent fee cases."  Id.

The defendant awarded the plaintiff $88,408.00 in past due benefits.[1]   The plaintiff and counsel agreed that counsel would receive twenty-five percent of the past due benefits awarded to the plaintiff.  Twenty-five percent of the past due benefits awarded to the plaintiff is $22,102.00.  Counsel requests the Court to authorize attorney's fees in the amount of $18,102.00 for services performed before the Court.  The defendant authorized counsel to receive $4,000.000 for the services he rendered at the agency level.  The total amount of attorney's fees counsel seeks, $22,102.00, is twenty-five percent of the plaintiff's past due benefits award and

---

[1] This is the past due amount the plaintiff's attorney alleges in his memorandum and the defendant does not dispute the amount.

does not exceed the twenty-five percent threshold mandated by section 406(b). The Court in applying the four factors set forth in Gisbrecht, however, must review the amount the fee agreement yields to ensure that counsel's resulting fee is reasonable.

First, the defendant does not challenge the quality of counsel's representation or the results counsel achieved for the plaintiff. Counsel contends that he specializes in representing individuals with Social Security disability claims. Initially, without counsel's assistance, the defendant denied the plaintiff's claim for disability benefits. With counsel's assistance, however, the plaintiff recovered $88,408.00 in past due benefits.

Second, the record does not indicate that counsel caused a delay during the pendency of the action to profit from the accumulation of benefits.

Third, based upon the risk inherent in a contingent fee agreement, the Court does not believe that a fee of $22,102.00 for 37.3 hours of service would result in a windfall to counsel.[2]

Fourth, counsel contends that the majority of work he does is on a contingency basis. As a result, he has no normal hourly rate to compare to the hourly rate the fee agreement yields. Counsel further contends that there is no market hourly rate for Social Security work because Social Security work is done on a contingency basis. Counsel submits two District Court cases in which the Judges allowed fees comparable to the fees counsel seeks. See Brown v. Barnhart,

---

[2] When testing a contingent fee for reasonableness, a disagreement exists between district courts in this circuit as to whether the Court should consider time an attorney expended at the agency level in addition to work performed at the judicial phase of the proceedings. See Henshaw v. Barnhart, 317 F.Supp.2d 657, 661 (W.D.Va. 2004). The district courts considering work performed at the agency level reason that Gisbrecht requires a determination of the reasonableness of a contingent fee agreement and to properly do so, the court must consider the total amount of work an attorney performed for the client, including work done at the agency level. Id. The Court agrees with this reasoning.

270 F.Supp.2d 769, 772-773 (W.D. Va. 2003) and Jones v. Barnhart, No. CV 4-99-220 (S.D. Ga. March 4, 2004). In Brown, the district court approved a fee of $6,000.00 for 6.14 hours, and in Jones, the district court allowed a fee which equaled $814.00 an hour.

Based on the quality of services rendered by counsel and the contingent nature of payment, the Court finds that an award of $18,102.00 is reasonable. Accordingly, the Court grants counsel's fee request. Upon receipt of this fee, counsel is required to remit to the plaintiff the attorney's fees he received under the Equal Access to Justice Act, which was $2,518.02.

**AND IT IS SO ORDERED**.

       s/ C. Weston Houck
       **C. WESTON HOUCK**
       **UNITED STATES DISTRICT JUDGE**

April 22, 2005
Charleston, South Carolina